UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HELL'S KITCHEN NEIGHBORHOOD         :  05 Civ. 4806 (SHS)
ASSOCIATION, DANA TURNER, DANIEL    :
GUTMAN, META BRUNZEMA, CHRISTINE    :
BERTHET, and VERA LIGHTSTONE,       :
                                    :
                Plaintiffs,         :
                                    :  OPINION & ORDER
        -against-                   :
                                    :
MICHAEL R. BLOOMBERG, Mayor of the City :
of New York, *in his official capacity*; CITY OF :
NEW YORK; DENISE M. SHEEHAN, Acting  :
Commissioner of the New York State Department :
of Environmental Conservation, *in her official* :
*capacity*; THE NEW YORK CITY COUNCIL; :
AMANDA BURDEN, Chair, New York City :
Planning Commission, *in her official capacity*; NEW :
YORK CITY PLANNING COMMISSION; PETER :
KALIKOW, Chairman, New York Metropolitan :
Transportation Authority, *in his official capacity*; :
NEW YORK METROPOLITAN              :
TRANSPORTATION AUTHORITY,           :
                                    :
                Defendants.         :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs – the Hell's Kitchen Neighborhood Association and five residents of the Manhattan neighborhood known as Hell's Kitchen – brought this action pursuant to 42 U.S.C. § 7604(a)(1)(A) to challenge a January 2005 amendment to the New York City Zoning Resolution that allegedly violates both the Clean Air Act, 42 U.S.C. § 7601, et seq., and the State Implementation Plan ("SIP") that was adopted pursuant to that statute. Plaintiffs contend that the January 2005 zoning amendment was essential to the subsequent approval of a redevelopment project for the area in Manhattan known as Hudson Yards. Under plaintiffs' theory, the Final Generic Environmental Impact

1

Statement (the "FGEIS") for the Hudson Yards project was based on faulty assumptions regarding parking because the rezoning amendment was unlawful. In turn, because of those faulty assumptions, the FGEIS failed to disclose potential traffic, transit, air pollution, and noise impacts. As a result, plaintiffs contend that approval of the redevelopment project violated New York's State Environmental Quality Review Act ("SEQRA") and New York City's Environmental Quality Review ("CEQR") legislation, and therefore the project cannot lawfully proceed.

Defendants have moved to dismiss the second amended complaint based on the theory that this action is barred in light of the discontinuance with prejudice of a separate action that was previously brought in New York State Supreme Court, New York County. That action – in which many of the same plaintiffs challenged the Hudson Yards rezoning in an Article 78 proceeding – was discontinued in December 2005 by New York State Supreme Court Justice Herman Cahn. See Hell's Kitchen Neighborhood Ass'n v. N.Y. City Dep't of City Planning, No. 112368/04, 2005 N.Y. Misc. LEXIS 3606 (N.Y. Sup. Ct. Dec. 7, 2005).

As set forth more fully below, because the discontinuance of the Article 78 proceeding in state court was not a final judgment on the merits, it does not preclude the federal court action before this Court and defendants' motion to dismiss this action is accordingly denied.

**I. BACKGROUND**

A. Litigation in State Court

On December 23, 2004, the Hell's Kitchen Neighborhood Association, Martin Treat, Meta Brunzema, Dana Turner, Daniel Gutman, Rudolf Samandarov, and Madison

Square Garden, L.P. ("the Article 78 petitioners") filed an Article 78 petition in New York State Supreme Court to challenge the FGEIS.

In their petition, the Article 78 petitioners alleged that the FGEIS violated SEQRA and CEQR because it failed to disclose certain significant environmental impacts of the Hudson Yards project. (Declaration of Stephen L. Kass dated August 29, 2005, Ex. F, Verified Amended Petition.) In particular, the petitioners asserted that the FGEIS failed to assess adequately the adverse environmental impact that would result from "the construction of a new football stadium for the New York Jets and several associated actions to rezone and redevelop" the 42-block Hudson Yards area. (Id. ¶ 1.) In addition, the petitioners alleged FGEIS deficiencies on several other topics, including the impact of the Hudson Yards project on traffic (id. ¶¶ 4-8, 58-100, 149, 171-74), parking (id. ¶¶ 9, 99 ), air quality (id. ¶¶ 10, 102-12, 143-45, 147, 175-77), noise (id. ¶¶ 10, 113-15, 178 ), sewage (id. ¶¶ 116-18, 179), aesthetics (id. ¶¶ 119-24), pedestrian conditions (id. ¶¶ 133-35), residential displacement (id. ¶¶ 138a-i), emergency vehicles (id. ¶ 140), transit (id. ¶¶ 59-85, 95, 142, 154), storm water (id. ¶ 148), and drinking water (id. ¶ 180). The petitioners also claimed that the FGEIS failed to respond to comments about the conformity of the Hudson Yards project with the Clean Air Act and New York's SIP. (Id. ¶ 144)

In response to the Article 78 petition, as amended in January of 2005, the New York City Department of City Planning and the Metropolitan Transportation Authority submitted a six-volume administrative record, numerous technical affidavits, and a memorandum of law. However, before Justice Cahn issued a decision, the proposed Jets stadium was dropped from the Hudson Yards project. The Article 78 petitioners then

moved to discontinue the proceeding, without prejudice.  The Department of City Planning and the MTA did not oppose a discontinuance, but sought that it instead be made with prejudice.  By Opinion and Order dated December 7, 2005, Justice Cahn directed that "these proceedings, addressed to the [FGEIS] that is their subject, are discontinued, with prejudice."  Hell's Kitchen Neighborhood Ass'n v. N.Y. City Dep't of City Planning, No. 112368/04, 2005 N.Y. Misc. LEXIS 3606, at *11 (N.Y. Sup. Ct. Dec. 7, 2005).

### B. Litigation in Federal Court

Plaintiffs initiated this action on May 18, 2005 while the state court Article 78 proceeding was sub judice.[1]  Plaintiffs filed a second amended complaint in this action later in 2005; certain defendants then moved to dismiss the action as against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and other defendants simultaneously moved to dismiss the action on the grounds that this Court should abstain from deciding the action because of the pendency of the state Article 78 petition.  In March 2007 – after the Article 78 proceeding had been discontinued by Justice Cahn – this Court denied the motions to dismiss the federal action.  The Court denied the Rule 12(b)(6) motion on the grounds that plaintiffs had adequately pled a violation of the Clean Air Act and were seeking prospective relief to remedy an alleged violation of federal law.  The Court also denied the motion to abstain because there was no longer any pending state court action.  Accordingly, both motions to dismiss the federal action were denied.  Defendants have now moved to dismiss the federal action pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of res judicata.

---

[1]  All but two of the plaintiffs in the federal action – Christine Berthet and Vera Lightstone – were also among the Article 78 petitioners.

4

## II. LEGAL STANDARD

A party may seek to dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim on the basis that the claim is barred by the doctrine of claim preclusion, also known as res judicata. In deciding such a motion, the court may consider both the face of complaint and matters of which the court may take judicial notice, such as a prior court decision. See Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6) . . . .").

## III. DISCUSSION

Defendants contend that this action is barred by res judicata because the claims contained in the second amended complaint arise from the same transactions that plaintiffs challenged in the Article 78 proceeding in New York State Supreme Court. Defendants further urge that because the Article 78 proceeding was discontinued with prejudice in December 2005, that determination precludes plaintiffs' claims here.

Plaintiffs respond that the state court decision has no preclusive effect in this Court because the Article 78 petition was discontinued based on a finding that its claims were moot, and it therefore does not constitute a final judgment on the merits. In reply, defendants contend that even if the state court decision were reached on mootness grounds, that decision still bars additional claims that <u>could</u> have been brought in state court, but were not. Defendants surmise that had plaintiffs' additional claims – namely, those claims brought here pursuant to the Clean Air Act – been brought in state court,

5

those claims might *not* have been deemed moot and could therefore have been decided in that forum.

  A.  Claim Preclusion in New York State Courts

  "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 95, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (citing 28 U.S.C. § 1738 (1976)). See also Migra v. Warren City School District, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). Accordingly, this Court must assess the preclusive effect that state courts in New York would give to the December 7, 2005 Opinion and Order by Justice Cahn.

  There is no discernable difference between New York and federal claim preclusion law. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). Under both, "the doctrine of res judicata, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Maharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks and citation omitted). See also Epperson v. Entertainment Express, Inc., 242 F.3d 100, 108 (2d Cir. 2001); Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (citing Hodes v. Axelrod, 70 N.Y.2d 364, 372, 520 N.Y.S.2d 933, 515 N.E.2d 612 (1987)) ("Following a valid final judgment . . . res judicata bars future litigation between the same parties, or those in privity with them, on the same causes of action."). New York applies a "transactional analysis" to res judicata, which precludes a claim arising out of the same "factual grouping" as an earlier-litigated claim even if the later claim is based on different legal theories or seeks different

(or additional) relief.  Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981); see O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").

The burden rests on the party asserting the defense of res judicata to show "the existence of a prior judgment on the merits," Miller Mfg. Co. v. Zeiler, 45 N.Y.2d 956, 958, 411 N.Y.S.2d 558, 383 N.E.2d 1152 (1978), and "[a] prior order that does not indicate an intention to dismiss the action on the merits is not a basis for the application of the doctrine of res judicata," Espinoza v. Concordia Intl. Forwarding Corp., 32 A.D.3d 326, 328, 820 N.Y.S.2d 259 (1st Dep't 2006).  Indeed, "a dismissal based upon a determination not involving the merits will not bar a second action." Farkas v. New York State Dep't of Civil Service, 114 A.D.2d 563, 564, 494 N.Y.S.2d 178 (2nd Dep't 1985).

There are, however, circumstances in which a determination may not reach the underlying claims, but nonetheless precludes future claims arising from the same "factual grouping."  For example, "an action dismissed in a New York court for failure to sue within the applicable statute of limitations is considered a determination 'on the merits' for res judicata purposes." EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 398 (2d Cir. 1997).  Similarly, "[a] dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  "On the other hand, an action dismissed on the basis of a failure to satisfy a 'condition precedent' is generally not a decision on the merits: it does not

7

preclude subsequent satisfaction of the condition and enforcement of the statutory right." EFCO Corp., 124 F.3d at 398. But see Yonkers Contracting Co. v. Port Authority Trans-Hudson Corp., 93 N.Y.2d 375, 377-78, 690 N.Y.S.2d 512, 712 N.E.2d 678 (1999).

B. Preclusive Effect of a Decision Based on Mootness

Here, plaintiffs contend that the discontinuance of the Article 78 proceeding was not a final judgment "on the merits" because it constituted a determination that petitioners' claims were moot in light of the Jets' decision not to proceed with the proposed stadium. The dismissal of an action for mootness is a determination that the court lacks subject matter jurisdiction over the action, see Fox v. Bd. of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994); Saratoga County Chamber of Commerce, Inc. v. Pataki, 100 N.Y.2d 801, 810, 766 N.Y.S.2d 654, 798 N.E.2d 1047 (2003), and thus is "not a final determination on the merits and, therefore, should not be accorded res judicata effect beyond the question decided therein," Farkas, 114 A.D.2d at 565 (emphasis added); see also Coldwell Banker Prime Props., Inc. v. Netguistics, Inc., 35 A.D.3d 1056, 1057, 826 N.Y.S.2d 486 (3d Dep't 2006).[2]

---

[2] Courts in other jurisdictions have also distinguished a dismissal for mootness from a final judgment on the merits. See Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA, 386 F.3d 1070, 1086 (11th Cir. 2004) ("mootness is jurisdictional" and "any decision on the merits of a moot case would be an impermissible advisory opinion") (internal quotations omitted); Dahlem v. Bd. of Educ. of Denver Public Schools, 901 F.2d 1508, 1513 n.6 (10th Cir. 1990) ("The distinction between a dismissal for mootness and one on the merits is significant."); Pujol v. Shearson/American Express, Inc., 829 F.2d 1201, 1209 n.3 (1st Cir. 1987) (action "was dismissed as moot and accordingly has no res judicata effect"); District of Columbia Hosp. Ass'n v. District of Columbia, 73 F. Supp. 2d 8, 12 (D.D.C. 1999) (where a previous suit was dismissed as moot, a subsequent suit is not barred by res judicata because "[t]he merits of plaintiffs' claims were never tested"); Cannon v. Durham Co. Bd. of Elections, 959 F. Supp. 289, 294 (E.D.N.C. 1997) (under North Carolina law, "a dismissal for mootness is simply a type of dismissal based on lack of jurisdiction" and accordingly does not operate as a "judgment on the merits" for res judicata purposes); Anast v. Commonwealth Apts., 956 F. Supp. 792, 797 (N.D. Ill. 1997) (noting that, under Illinois law, "a cause deemed moot will not be res judicata, since there is no judgment on the merits"); Fabrizio v. U.S. Suzuki Motor Corp., 362 Mass. 873, 874, 289 N.E.2d 897 (Mass. 1972) ("a dismissal based on mootness is not a decision on the merits").

That does not mean, however, that a dismissal for mootness has no preclusive effect. Although such a dismissal may not be "'intended to foreclose the merits'" of an action, it still has "'limited [preclusive] effect – it is deemed an adjudication of the ground upon which the dismissal is predicated.'" Levy v. New York and Presbyterian Hosp., 2006 N.Y. Misc. LEXIS 550, at *4 (N.Y. Sup. Ct. Feb. 9, 2006) (brackets in original) (quoting McKinney v. City of New York, 78 A.D.2d 884, 886, 433 N.Y.S.2d 193 (2d Dep't 1980)); see also Farkas, 114 A.D.2d at 564; Plattsburgh Quarries v. Palcon Industries, Inc., 129 A.D.2d 844, 844, 513 N.Y.S.2d 861 (3rd Dep't 1987). In other words, a discontinuance for mootness has preclusive effect only to the extent that the same claim is brought again before another court. See Farkas, 114 A.D.2d at 565.

C.  The Article 78 Petition Was Not Discontinued On The Merits

In light of the distinction between the preclusive effect of a claim dismissed as moot and a final judgment on the merits, this Court must first determine the basis on which the Article 78 proceeding was discontinued. If the action was discontinued because the state court deemed it moot, the Court must then consider what significance – if any – should be given to the fact that it was expressly discontinued "with prejudice."

Justice Cahn prefaced his December 7, 2005 Opinion and Order by writing that the Article 78 proceedings had become "palpably moot" as a result of "the Jets' abandonment of the stadium plan." Hell's Kitchen Neighborhood Ass'n, 2005 N.Y. Misc. LEXIS 3606, at *2. Next, Justice Cahn summarized the scope of the Hudson Yards redevelopment plan and the steps taken by the New York City Department of City Planning to obtain public approval. Id. at *3-6. Those steps included preparation of the

9

challenged FGEIS. Id. at *5-6. Justice Cahn then considered whether to grant the requested discontinuance:

> Continuation of these proceedings in the face of the removal of the most prominent element of the [FGEIS] and the whole Hudson Yards redevelopment plan, and in defiance of petitioners' willingness to discontinue, would constitute an ill-advised use of the court's compulsory power. . . . The main focus of the [FGEIS] and petitioners' challenges thereto is the environmental impact posed by the Jets Stadium project . . . . Its impacts on transportation, air, and water quality of an already environmentally taxed Manhattan Island, are the central theme of the [FGEIS] and petitioners' challenges. The removal of the stadium plan from the redevelopment plan vitiates the primary issues underlying this entire litigation.

Id. at *7-8. Although the New York City Department of Planning nonetheless urged Justice Cahn "to adjudicate the propriety of their approval of the [FGEIS], insofar as remaining aspects of it are concerned," id. at *8, he found that he could not "determine the merits of such a plan based on figures and opinions which are no longer relevant" and that any such decision "would be no more than an improper advisory opinion," id. at *9. Furthermore, he emphasized that he was making "[n]o substantive findings" because "the developmental and environmental realities of the present are substantially different from those that existed at the time the [FGEIS] was created." Id. at *10.

In view of those statements, it is clear that Justice Cahn viewed the Article 78 petition as moot and the discontinuance with prejudice in those circumstances to be without substantive effect. That finding, in turn, compels this Court to conclude that the discontinuance of those proceedings was not a final determination on the merits. See Espinoza, 32 A.D.3d at 326; Farkas, 114 A.D.2d at 564.

### D. The Limited Preclusive Effect of the Discontinuance With Prejudice

10

As noted above, the discontinuance – albeit on the basis of mootness – was nonetheless entered <u>with prejudice</u>. Defendants urge that the state court's express decision to add those words acts as a bar to the prosecution of plaintiffs' claims here.

The New York Court of Appeals has found that "[a] dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff," and that court has "used the words 'with prejudice' interchangeably with the phrase 'on the merits' to indicate the same preclusive effect." <u>Yonkers Contracting Co., Inc.</u>, 93 N.Y.2d at 380. Nonetheless, the <u>Yonkers</u> decision – which arose in the different context of a plaintiff's failure to satisfy a condition precedent to litigation – clearly allows for the fact that a dismissal "with prejudice" is not <u>always</u> a decision "on the merits" for purposes of res judicata. Instead, as described above, it may have preclusive effect only "as to the point it decided." <u>Plattsburgh Quarries</u>, 129 A.D.2d at 844. That is the case here, where the only plausible reading of Justice Cahn's decision is that he intended the discontinuance "with prejudice" to have preclusive effect <u>only</u> as to "the question decided therein," <u>Farkas</u>, 114 A.D.2d at 564, – i.e., the mootness of the claims challenging the FGEIS assessment of the proposed stadium's environmental impact in light of the withdrawal of the stadium from the proposed redevelopment of the Hudson Yards.

Indeed, petitioners in the Article 78 proceeding argued to Justice Cahn their concern that a discontinuance with prejudice "might be construed as a confirmation of lack of merit." <u>Hell's Kitchen Neighborhood Ass'n</u>, 2005 N.Y. Misc. LEXIS 3606, at *10. In response, Justice Cahn wrote, "that is simply wrong" because the discontinuance with prejudice is "no[t] [a] substantive denial" of the petition. <u>Id.</u> He also emphasized,

as noted above, that he was making "[n]o substantive findings" because "the developmental and environmental realities of the present are substantially different from those that existed at the time the [FGEIS] was created." Hell's Kitchen Neighborhood Ass'n, 2005 N.Y. Misc. LEXIS 3606, at *10.

In sum, because the Article 78 petition was dismissed due to its mootness – rather than on some other ground to which New York courts assign preclusive effect – this Court cannot find that Justice Cahn's decision to add the words "with prejudice" to his determination constitutes a bar to the continued prosecution of the state and federal claims that plaintiffs have brought in this Court.

## IV. CONCLUSION

As set forth above, the state court in Hell's Kitchen Neighborhood Ass'n v. N.Y. City Dep't of City Planning clearly explained that it deemed the Article 78 petition moot because the removal of the sports stadium from the Hudson Yards redevelopment plan "vitiates the primary issues underlying this entire litigation." 2005 N.Y. Misc. LEXIS 3606, at *8. Notwithstanding the policy of New York state courts to take a "transactional" approach to res judicata, the state court discontinuance on the basis of mootness does not constitute a final judgment on the merits for purposes of res judicata, at least as applied to the claims – both state and federal – pending in this Court. The discontinuance of the state court action does not bar plaintiffs' claims here. Accordingly, the motion by defendants to dismiss this action is denied.

Dated: New York, New York
November 1, 2007

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

12